```
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASE NO. 09-80657-CIV-ZLOCH
                                MAGISTRATE JUDGE P.A. WHITE
```

JAMES BRUCIA,                          :

    Plaintiff,                        :

v.                                     :           REPORT OF
                                                                         MAGISTRATE JUDGE

RICK BRADSHAW, ET AL.,                 :

    Defendants.                       :
_____

## I. Introduction

The plaintiff James Brucia, presently confined at the Union Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 6].

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                    *   *   *

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>    the court shall dismiss the case at any time
>    if the court determines that –
>
>          *   *   *
>
>    (B) the action or appeal –
>
>          *   *   *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which
>    relief may be granted; or
>
>    (iii) seeks monetary relief from a
>    defendant who is immune from such
>    relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

2

Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most

3

plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff alleges that on May 4, 2005 an unidentified Palm Beach County Deputy Sheriff (Badge No. 6270) transported him to the county jail after he observed and seized a document in his car that was labelled "warrant." The plaintiff states that the deputy stopped him for a traffic infraction, and he does not dispute that the officer was justified for making the initial stop. The plaintiff states that as he was gathering requested documents, the officer noticed a document laying face-up on the passenger seat that was labelled "warrant and had a number. The plaintiff claims that this document was a form from the "Unemployment Commission" which refers to checks as warrants, and the number was a check number. Despite the plaintiff's attempt to persuade the deputy that the document was not an arrest warrant, the officer believed that there was an outstanding warrant for the plaintiff's arrest and he transported him to jail. The plaintiff tried to explain to jail personnel that there was no warrant and, after several hours, a sergeant determined that the plaintiff has been detained by mistake and he was released. A transporting deputy took the plaintiff to an impound lot where he secured the release of his vehicle.

The plaintiff seeks to sue the deputy for "willful negligence, deliberate indifference, malfeasance, and malgre" arguing that he was falsely arrested and imprisoned. The plaintiff also alleges that the lack of a sheriff's office policy to prevent this type of mistake violated his constitutional rights. He seeks monetary damages and equitable relief.

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

The plaintiff does not allege that the traffic stop itself was unconstitutional. A traffic stop, which "is a seizure within the meaning of the Fourth Amendment," United States v. Purcell, 236 F.3d 1274, 1277 (11 Cir. 2001), "is constitutional if it is either based upon probable cause to believe a traffic violation has occurred or justified by reasonable suspicion in accordance with Terry [v. Ohio], 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 [(1968)]." United States v. Harris, 526 F.3d 1334, 1337 (11 Cir. 2008) (per curiam). The undisputed traffic infraction provided probable cause for the stop. United States v. Cooper, 133 F.3d 1394, 1398 (11 Cir. 1998) ("[L]aw enforcement may stop a vehicle when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic and equipment regulations relating to the operation of motor vehicles.") (internal quotation marks omitted).

Based on the facts alleged, the deputy was permitted to extend the stop and search the vehicle based on an objectively reasonable and articulable suspicion that illegal activity had occurred or was occurring. United States v. Boyce, 351 F.3d 1102, 1106 (11 Cir. 2003) (quoting Purcell, 236 F.3d at 1277). The deputy observed a legal document that was labelled "warrant" in plain view on the passenger seat. Because the deputy observed the document in plain view, he was entitled to seize it. Purcell, 236 F.3d at 1277.

Accordingly, the deputy's observation of what he believed to be a warrant preclude the plaintiff's claims that his constitutional rights were violated by an allegedly false arrest or imprisonment. A warrantless arrest without probable cause violates an individual's constitutionally protected liberty interest, and forms the basis for a section 1983 claim, see Marx v. Gumbinner, 950 F.2d 1503, 1505-06 (11 Cir. 1990). While the right to be free

5

from warrantless arrest without probable cause is clearly established, see Marx and Motes, supra, the Constitution does not guarantee that only the guilty will be arrested, Baker v. McCollan, 443 U.S. 137 (1979), and it is also clearly established that recovery may not be had if probable cause is established, since the existence of probable cause to make an arrest is an absolute bar to a section 1983 action for false arrest. Marx v. Gumbinner, supra, 905 F.2d at 1506, and cases cited therein. Probable cause determinations are to be guided by a review of the totality of the circumstances. Illinois v. Gates, 462 U.S. 213 (1983); United States v. Gonzalez, 969 F.2d 999 (11 Cir. 1992).

A showing of probable cause requires much less evidence than does a finding of guilt, United States v. Ventresca, 380 U.S. 102 (1965); United States v. Beck, 431 F.2d 536 (5 Cir. 1970). It does not require overwhelmingly convincing evidence, but only "reasonably trustworthy information," Marx, supra, 905 F.2d at 1506 (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)), and "must be judged not with clinical detachment but with a common sense view of the realities of normal life," Id., at 1506 (quoting Wilson v. Attaway, 757 F.2d 1227, 1235 (11 Cir. 1985).

Probable cause to make an arrest exists where the facts and circumstances within collective knowledge of law enforcement officials, of which the officers had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that the suspect had committed or was committing a crime. Carroll v. United States, 267 U.S. 132 (1925); Brinegar v. United States, 338 U.S. 160, 175-76 (1949)); Beck, supra, 379 U.S. at 91; Marx, supra, 905 F.2d at 1506; Von Stein v. Brescher, 904 F.2d 572, 578 (11 Cir. 1990); Wilson, supra, 757 F.2d at 1235; United States v. Middleton, 599 F.2d 1349, 1356 (5 Cir. 1979).

The quantum of proof to establish probable cause is, therefore, significantly less than evidence sufficient to obtain a conviction. United States v. Pantojo-Soto, 739 F.2d 1520 (11 Cir. 1984), cert. denied, 470 U.S. 1008 (1985). Similarly, the standard for determining probable cause in the context of a qualified immunity defense is less stringent than in the context of a hearing on a motion to suppress evidence. Simkunas v. Tardi, 930 F.2d 1287, 1291 (7 Cir. 1991) (citing Moore v. Market Place Restaurant, Inc., 754 F.2d 1336, 1347-48 & nn. 14-15 (7 Cir. 1985)); Sledd v. Lindsay, 864 F.Supp. 819, 830 (N.D.Ill. 1994).

Thus, "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, §1983 would provide a cause of action for every defendant acquitted." Baker, supra, 443 U.S. at 145. Accordingly, the validity of an arrest based upon then-existing probable cause is not affected if the suspect is later acquitted or the charges are dropped, see Marx v. Gumbinner, Simkunas v. Tardi, and Sledd v. Lindsay, supra, and such an arrest based upon probable cause (or a valid warrant) cannot subject the arresting officer to §1983 liability simply because the arrestee is later found innocent of the charges, Atkins v. Lanning, 556 F.2d 485 (10 Cir. 1977).

In this case, the Undersigned finds that the allegations in the Complaint indicate that the deputy had probable cause to arrest the plaintiff and take him into custody, based on his articulated belief that the plaintiff was subject to an outstanding warrant. Because there was probable cause for the arrest, no constitutional violation occurred, and the claims against the deputy and remaining defendants fail.

III. Conclusion

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted, and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 20th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: James Brucia, Pro Se
    DC No. 978961
    Union Correctional Institution
    7819 N.W. 228 Street
    Raiford, FL 32026